Angel Olmo Larracuenta, Plaintiff and Appellee, *v.* Andrés Vicenty, Defendant and Appellant.

No. 8699. Argued March 1, 1943.—Decided March 10, 1943.

*Gustavo Cruzado Silva* for appellant. *R. Cuevas Zequeira* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

In the instant case the district court entered judgment for the plaintiff in a suit for revendication of urban property. The defendant appealed, and the plaintiff has moved to dismiss his appeal as frivolous.

It is conceded that plaintiff bought the property in question from the previous owner and that the plaintiff has recorded title thereto. But the defendant insists that the judgment rendered herein is erroneous because, prior to the sale thereof to the plaintiff, the vendors had given the defendant a binding option to buy the property.

We have examined the record, and find no evidence of such a binding option. On the contrary, the record discloses only a letter written by one of the vendors eleven months before the sale of the property, making an offer to sell the property to the defendant on certain terms therein specified. The record discloses no acceptance of this offer. It is true that the defendant introduced in evidence the record of a previous suit between the same parties herein, in which the district court decided a *desahucio* suit in favor of the defendant on the ground that oral testimony offered by the defendant as to a verbal option had raised a sufficient con-

550

flict of titles to require dismissal thereof. But this was far from holding that the option existed. On the contrary, it was a postponement of decision thereof until the appropriate occasion; namely, the present suit for revendication. In the suit before us, the defendant offered no testimony, written or oral, of such an option. He can scarcely contend that the record in the *desahucio* suit which he introduced herein was such evidence. Indeed, the record as introduced did not even contain the testimony taken in that suit. The only reference therein to such oral testimony is in the opinion of the district court dismissing the *desahucio* suit. Consequently, the only evidence in the record before us on this question is the letter from one of the vendors to the defendant, which was introduced in evidence by the plaintiff and which, as we have seen, amounted only to an unaccepted offer.

█ Assuming, without deciding, that a binding option would be a valid defense to the suit herein, there was a total lack of proof of such an option in this case.

In the light of the foregoing, the award of attorney's fees herein was justified.

The motion to dismiss the appeal will be granted.

Mr. Justice De Jesús did not participate herein.